Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/06/2018 08:13 AM CST

IN RE INTEREST OF KENNETH B., JR., ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE,
V. KENNETH B., APPELLANT.
___ N.W.2d ___

Filed February 27, 2018.    No. A-17-459.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
3. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.
5. **Final Orders: Appeal and Error.** The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.
6. **Juvenile Courts: Appeal and Error.** Juvenile court proceedings are special proceedings for purposes of appeal.
7. **Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.
8. **Juvenile Courts: Parental Rights: Parent and Child: Time: Final Orders.** Whether a substantial right of a parent has been affected by an

- 579 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed.

9. **Juvenile Courts: Final Orders: Time: Appeal and Error.** In juvenile cases, where an order from a juvenile court is already in place and a subsequent order merely extends the time for which the previous order is applicable, the subsequent order by itself does not affect a substantial right and does not extend the time in which the original order may be appealed.

10. **Juvenile Courts: Parental Rights: Parent and Child: Final Orders: Appeal and Error.** An order that continues prior dispositional orders but changes the permanency objective from family reunification to another objective is not a final, appealable order unless the parent's ability to achieve rehabilitation and family reunification has been clearly eliminated.

Appeal from the Separate Juvenile Court of Douglas County: Elizabeth Crnkovich, Judge. Appeal dismissed.

Jane M. McNeil for appellant.

Donald W. Kleine, Douglas County Attorney, and Jennifer C. Clark for appellee.

Maureen K. Monahan, guardian ad litem.

Moore, Chief Judge, and Inbody and Bishop, Judges.

Inbody, Judge.

INTRODUCTION

Kenneth B., the biological father to Derrek B. and Kenneth B., Jr. (Kenneth Jr.), appeals the order of the Douglas County Separate Juvenile Court changing the permanency objective for the children from reunification to guardianship. Kenneth does not appeal the order as it relates to his third child, Kylie B. Because we conclude the order changing the permanency objective is not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

- 580 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

## BACKGROUND

In September 2014, Kenneth was given leave to intervene in juvenile court proceedings involving four minor children and their mother, Kari S. Genetic testing confirmed that three of those four children were Kenneth's biological children, namely Derrek, Kenneth Jr., and Kylie. At that time, the children were in the temporary custody of the Department of Health and Human Services (DHHS) with placement to exclude the parental home. In January 2015, the State filed a supplemental petition alleging that Derrek, Kenneth Jr., and Kylie were children within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2014) as a result of Kenneth's lack of parental care. The petition alleged that Kenneth was incarcerated; had failed to provide the children with safe, stable, and appropriate housing; and had failed to provide proper parental care, support, and supervision to the children. Following a hearing on the supplemental petition, the children were adjudicated as children within the meaning of § 43-247(3)(a). Kenneth subsequently appealed, and this court affirmed the juvenile court's determination in a memorandum opinion filed December 21, 2015, in case No. A-15-557.

In January 2016, the juvenile court entered an order setting the permanency objective as a concurrent plan of "reunification/adoption." The State moved to terminate Kenneth's parental rights in June 2016 but dismissed the petition without prejudice in September. Following another permanency planning hearing in October 2016, the permanency plan was reunification. In the October permanency planning order, Kenneth was ordered to participate in supervised visitation and to participate in family therapy, obtain safe housing, and follow the rules of his parole. The court further ordered that "a Family Group Conference be held to explore permanency through guardianship."

The juvenile court held its latest review and permanency planning hearing in March 2017, wherein Lindsey Witt of DHHS gave oral summaries on the condition and progress of

- 581 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

the children and parents. Witt provided DHHS' recommendation that Kenneth "continue to participate in services and show . . . ongoing consistency" but that the permanency objective be changed to "guardianship for Kylie, [Kenneth Jr.], and Derrek with their grandfather." In its submitted court report, DHHS recommended a course of action similar to that implemented from the October 2016 order:

[Kenneth] shall:

1. Participate in supervised visitation with Kylie, Derrek, and [Kenneth Jr.], as recommended by the children's therapists.

2. Participate in family therapy, as recommended by the children's therapists.

3. Maintain safe and stable housing and a legal source of income.

4. Follow all rules and regulations of Parole.

5. This case [will] be reviewed in four months.

In its March 2017 permanency planning order, the juvenile court adopted DHHS' recommendation and changed the permanency objective for Kenneth's three children from reunification to guardianship, stating that "the permanency objective is a guardianship for [Derrek, Kenneth Jr., and Kylie]." In support of this determination, the order stated that "it would be contrary to the health, safety and welfare of the minor children . . . to be returned home at this time." The court found that reasonable efforts had been made to return the children to the home "and to finalize permanency to include[,] but not [be] limited to[,] evaluations, residential treatment, family therapy, individual therapy, bus tickets, placement and case management." During the March review and permanency planning hearing, the juvenile court explained:

I am adopting the recommendation of [DHHS]. The singular permanency plan in this case at this time is one of guardianship.

Now, [Kenneth], in terms of your relationship with the kids, you have this choice: You can agree to another

- 582 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

family group conference with yourself and with the foster
parents to see if, on your own, you can reach some agree-
ment as to how shall we visit. . . . Or [I] can . . . decide
how much contact you get.

The March 2017 order also scheduled a subsequent review
and permanency planning hearing to be held 5 months later in
August. Kenneth currently appeals from the March order.

## ASSIGNMENT OF ERROR

Kenneth assigns, rephrased and consolidated, that the juve-
nile court erred by modifying the permanency objective from
reunification to guardianship.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the
record and reaches a conclusion independently of the juvenile
court's findings. *In re Interest of Carmelo G.*, 296 Neb. 805,
896 N.W.2d 902 (2017).

[2] A jurisdictional question which does not involve a fac-
tual dispute is determined by an appellate court as a matter of
law. *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d
247 (2017).

## ANALYSIS

Kenneth appeals the March 2017 permanency planning
order. Specifically, he challenges the juvenile court's chang-
ing the permanency goal from reunification to guardianship
for Derrek and Kenneth Jr. Kenneth argues he was denied due
process and a fundamentally fair procedure because he was not
given notice that DHHS no longer supported its own written
case plan and court report and because the State did not meet
its burden to show that the written case plan and court report
were not in the children's best interests. Kenneth further argues
the change in the permanency objective was not supported by
sufficient evidence.

[3,4] In a juvenile case, as in any other appeal, before reach-
ing the legal issues presented for review, it is the duty of an

- 583 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Becka P. et al., supra*. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. *In re Interest of Darryn C.*, 295 Neb. 358, 888 N.W.2d 169 (2016).

[5,6] The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *In re Interest of Karlie D.*, 283 Neb. 581, 811 N.W.2d 214 (2012). Juvenile court proceedings are special proceedings for purposes of appeal. *In re Interest of LeVanta S.*, 295 Neb. 151, 887 N.W.2d 502 (2016). Thus, we must decide whether the juvenile court's order changing the permanency plan to guardianship affected a substantial right.

[7-10] A substantial right is an essential legal right, not a mere technical right. *Id*. Whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed. *In re Interest of Octavio B. et al.*, 290 Neb. 589, 861 N.W.2d 415 (2015). This determination is fact specific and should be undertaken on a case-by-case basis. *Id*. Additionally, in juvenile cases, where an order from a juvenile court is already in place and a subsequent order merely extends the time for which the previous order is applicable, the subsequent order by itself does not affect a substantial right and does not extend the time in which the original order may be appealed. *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000). Thus, an order that continues prior dispositional orders but

- 584 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

changes the permanency objective from family reunification to another objective is not a final, appealable order unless the parent's ability to achieve rehabilitation and family reunification has been clearly eliminated. See *In re Interest of LeVanta S., supra*.

In *In re Interest of Tayla R.*, 17 Neb. App. 595, 767 N.W.2d 127 (2009), this court determined that a review order which changed the permanency plan goal from reunification to adoption did not affect a substantial right, because the order implemented a rehabilitation plan that contained the same services as the previous order, did not change the mother's visitation status, and implicitly provided the mother an opportunity for reunification by complying with the terms of the rehabilitation plan. However, in *In re Interest of Diana M. et al.*, 20 Neb. App. 472, 825 N.W.2d 811 (2013), we found the juvenile court's modification of a permanency goal from reunification to guardianship/adoption to be appealable, because the order also ceased all reasonable efforts affecting the mother's right to reunification. Similarly, the Nebraska Supreme Court in *In re Interest of Octavio B. et al., supra*, found that an order changing the permanency goal from reunification to adoption did affect a substantial right as the record indicated that the mother would not be given further opportunity for compliance with the case plan.

The present case presents a similar situation to that of *In re Interest of Tayla R., supra*. The juvenile court changed the children's permanency objective from reunification to guardianship in its March 2017 order by stating that "the permanency objective is a guardianship for [Derrek, Kenneth Jr., and Kylie]." In support of this determination, the order stated that "it would be contrary to the health, safety and welfare of the minor children . . . to be returned home *at this time*." (Emphasis supplied.) The March order was silent on the issue of services available to Kenneth. In the October 2016 order, however, Kenneth was ordered to participate in supervised

- 585 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

visitation and family therapy as recommended by the children's therapists, obtain safe and adequate housing, and follow the rules and regulations of his parole. The March 2017 order did not explicitly cease these services and obligations ordered pursuant to the October 2016 order.

During the March 2017 review and permanency planning hearing, Witt provided DHHS' recommendation that Kenneth "continue to participate in services and show . . . ongoing consistency" but that the permanency objective be changed to "guardianship for Kylie, [Kenneth Jr.], and Derrek with their grandfather." In its accompanying court report, DHHS recommended a course of action similar to that implemented from the October 2016 order:

> [Kenneth] shall:
>
> 1. Participate in supervised visitation with Kylie, Derrek, and [Kenneth Jr.], as recommended by the children's therapists.
>
> 2. Participate in family therapy, as recommended by the children's therapists.
>
> 3. Maintain safe and stable housing and a legal source of income.
>
> 4. Follow all rules and regulations of Parole.
>
> 5. This case [will] be reviewed in four months.

The juvenile court adopted the DHHS recommendation during the hearing, explaining:

> I am adopting the recommendation of [DHHS]. The singular permanency plan in this case *at this time* is one of guardianship.
>
> Now, [Kenneth], in terms of your relationship with the kids, you have this choice: You can agree to another family group conference with yourself and with the foster parents to see if, on your own, you can reach some agreement as to how shall we visit. . . . Or [I] can . . . decide how much contact you get.

(Emphasis supplied.)

- 586 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

Kenneth argues the juvenile court, in stating that the "singular permanency plan" is guardianship during the March 2017 hearing, changing the permanency goal in the March order to guardianship, and not providing any further written guidance on whether rehabilitation and reunification remain possible for him and Derrek and Kenneth Jr. effectively eliminated his ability to rehabilitate and reunify. However, the March order does not foreclose Kenneth's ability to seek rehabilitation and reunification with Derrek and Kenneth Jr. The October 2016 order directed Kenneth to participate in supervised visitation and family therapy, obtain safe and adequate housing, and follow the rules and regulations of his parole. The March 2017 order did not order such directions to cease. Instead, at the March hearing, the juvenile court stated it was adopting the DHHS recommendations, including that Kenneth continue to receive services and perform his obligations. It is evident that the services, visitation, and obligations the juvenile court previously ordered concerning Kenneth were to continue after the March order.

Moreover, the juvenile court included qualifying language during its oral pronouncement at the March 2017 hearing of the permanency objective, saying that "[t]he singular permanency plan in this case *at this time* is one of guardianship." (Emphasis supplied.) The juvenile court again qualified its finding that immediate reunification was inappropriate in its March order by writing that "it would be contrary to the health, safety and welfare of the minor children . . . to be returned home *at this time*." (Emphasis supplied.) The use of such qualifying language taken together with the juvenile court's ordering that a further review hearing be held 5 months after its March 2017 order implies rehabilitation and reunification remained a possibility. Therefore, because the March order merely changed the permanency objective from family reunification to guardianship and did not eliminate Kenneth's ability to achieve rehabilitation and family reunification, it is not a

- 587 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF KENNETH B. ET AL.
Cite as 25 Neb. App. 578

final, appealable order. See *In re Interest of Tayla R.*, 17 Neb. App. 595, 767 N.W.2d 127 (2009). Accordingly, we are without jurisdiction to review Kenneth's appeal of the March order and we dismiss the appeal.

## CONCLUSION

Although the March 2017 order changed the permanency objective from reunification to guardianship, DHHS was to continue to provide services to Kenneth as the order did not cease all reasonable efforts affecting his right to reunification. Therefore, the order is not a final, appealable order and we are without jurisdiction to review Kenneth's appeal.

Appeal dismissed.