Pirtle, Judge, dissenting.
Assuming, for purposes of discussion, that the majority is correct in concluding that the orders appealed from, dated November 13, 2017, were "final, appealable order[s]" as is needed for us to acquire jurisdiction over these appeals, then to that extent, I agree with the analysis of the remaining issues and the result reached by the majority opinion.
However, I believe there is a very serious question under our existing case law and the facts herein whether the November 13, 2017, orders were final orders which affected a substantial right of Angaline. These appeals are somewhat unique because we are dealing with not a termination of parental rights or an adoption, but, rather, issues related to the preparation for and establishment of a guardianship. The November 13 orders approved a change in the permanency objective to guardianship. In the December 12 orders, the court established *760 a guardianship for each of these six children and appointed a guardian.
Angaline filed her notices of appeal on December 11, 2017, which was 1 day before the orders in which the court established *767 a guardianship for each child and appointed a guardian. That was 28 days after the entry of the November 13 orders. The county court then held an additional hearing and entered additional orders on December 12. No appeals were taken by Angaline following the December 12 orders, yet as the majority points out, Angaline "encourages this court to consider the county court's orders of December 12, 2017, in determining that the November 13 orders are final." As stated by the majority, the December 12 orders "do not control the jurisdictional question in these cases, which is whether the November 13 orders are final."
I agree with the majority that if the November 13, 2017, orders were final, appealable orders, then the hearing and the orders on December 12 would be both null and void, as the county court would have been without jurisdiction following the notices of appeal, which were filed on December 11. This supports the assertion that the December 12 orders cannot be used to determine the finality of the November 13 orders. For the sake of completeness, I would also note that if the November 13 orders were not final, the December 12 orders are not rendered void. See, Anderson v. Finkle, 296 Neb. 797, 896 N.W.2d 606 (2017) ; In re Guardianship of Sophia M., 271 Neb. 133, 710 N.W.2d 312 (2006) (notice of appeal from non-appealable order does not render void for lack of jurisdiction acts of trial court taken in interval between filing of notice and dismissal of appeal by appellate court).
Had Angaline waited until the 30th day to file her appeals, on December 13, 2017, instead of December 11, she could have challenged the change in the permanency objective, as well as the establishment of a guardianship and the appointment of a guardian. She also could have filed separate notices of appeal from the December 12 orders up until January 11, *761 2018, the 30th day following those orders. If so, assuming the December 12, 2017, orders were final, appealable orders, we could have decided those appeals on the merits, with regard to the establishment of a guardianship and appointment of a guardian.
Because Angaline appealed before the court's December 12, 2017, orders, we cannot reach any issue with regard to the establishment of a guardianship or the appointment of a guardian. Upon a de novo review of the record, I come to a different conclusion than the majority with regard to the finality of the November 13 orders.
This court is often faced with an appeal of an order in a juvenile case in which the court is modifying to some degree the permanency objective for the child prior to actually terminating parental rights or appointing a guardian, as in this case. I agree with the majority that the appealability of such an order is not always clear. See In re Interest of Tayla R., 17 Neb. App. 595, 767 N.W.2d 127 (2009). See, also, In re Interest of Octavio B. et al., 290 Neb. 589, 861 N.W.2d 415 (2015).
The transcripts in the instant cases show that on December 12, 2017, the day after Angaline filed her appeals, the county court held another hearing and entered orders explaining some of the rights and duties of the guardian. These orders state that "the guardianship placement shall be considered permanent for the child." Other terms of the guardianship also appear to assume a permanent change in the children's status, such as a provision that the guardianship shall terminate on the child's 19th birthday. In other words, it certainly appears that the juvenile court is not anticipating steps that Angaline could take that would allow her to reunite with the children, and thus, the December 12 orders *768 might be appealable as affecting her substantial rights.
My jurisdiction question stems from whether the terms of the November 13, 2017, orders, in and of themselves, are sufficient to permit this court to find that they are final and appealable. In those orders, the court recounts Angaline's *762 unsatisfactory history and states that "it is in the best interest of the minor child that the permanency goal of guardianship should be approved." I believe it is at least questionable whether this court could determine, solely from the language in the orders, whether Angaline's substantial rights are affected. However, once the terms of the December 12 orders are reviewed, which, unfortunately, we are not allowed to do, they more clearly could have been final, appealable orders.
I believe these cases are similar to the facts in In re Interest of Kenneth B. et al., 25 Neb. App. 578, 909 N.W.2d 658 (2018). In that case, the separate juvenile court changed the permanency objective from reunification to guardianship. The March 2017 order was silent on services available to the father, but in October 2016, he had been ordered to participate in supervised visitation and family therapy as recommended by the children's therapists, obtain safe and adequate housing, and follow the rules and regulations of his parole. The March order did not explicitly cease services and obligations from the October order. At the March hearing, the juvenile court stated that it was adopting DHHS' recommendations, including that the father continue to receive services and perform his obligations. The court stated, "It is evident that the services, visitation, and obligations the juvenile court previously ordered concerning [the father] were to continue after the March order." In re Interest of Kenneth B. et al., 25 Neb. App. at 586, 909 N.W.2d at 664. We also noted that the juvenile court included "qualifying language during its oral pronouncement at the March 2017 hearing of the permanency objective, saying that '[t]he singular permanency plan in this case at this time is one of guardianship.' " Id. (emphasis in original). This court found that the use of qualifying language taken together with the juvenile court's ordering that a further review hearing be held in 5 months implies rehabilitation and reunification remained a possibility. We found we were without jurisdiction to review the father's appeal of the March order, and the appeal was dismissed.
*763 In In re Interest of Diana M. et al. , 20 Neb. App. 472, 825 N.W.2d 811 (2013), the order modifying the permanency plan objective was coupled with an order ceasing further reasonable efforts to bring about reunification. Thus, the court found the order was appealable. The November 13, 2017, orders contained no such provision. Further, in In re Interest of Octavio B. et al., 290 Neb. 589, 598, 861 N.W.2d 415, 423 (2015), the Nebraska Supreme Court found the court's statements from the bench "essentially eviscerated the opportunity to achieve reunification." Upon our review of the bill of exceptions, there does not appear to be any colloquy between Angaline and the court to the same effect, and there was no specific finding that DHHS was being dismissed at that time.
The Supreme Court has found that orders which do not constitute an adjudicative or dispositive action in the proceedings are not final orders. See In re Interest of Ezra C., 25 Neb. App. 588, 910 N.W.2d 810 (2018), citing In re Interest of Jassenia H., 291 Neb. 107, 864 N.W.2d 242 (2015). In such cases, the court has found that it is without jurisdiction on appeal as no substantial right had been affected.
*769 So here, for the reasons stated above, I seriously question whether the orders entered on November 13, 2017, in and of themselves, affected a substantial right of Angaline, and therefore, I would find that they were not final and appealable orders. On that issue only, I disagree with the majority opinion and I would have concluded we were without jurisdiction to consider these appeals, thus dismissing them. As a result, I respectfully dissent.