Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/25/2018 09:08 AM CDT

IN RE INTEREST OF ZACHARY B., A CHILD
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE,
V. ZACHARY B., APPELLANT.

___ N.W.2d ___

Filed March 2, 2018.    No. S-17-466.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

4. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

5. **Constitutional Law: Minors.** Nebraska law as reflected in Neb. Rev. Stat. § 43-251.01(7) (Reissue 2016) recognizes that a juvenile has an essential legal right, and therefore a substantial right, to remain in his or her home.

6. **Final Orders: Appeal and Error.** In analyzing whether a substantial right was affected by a court order, it is not enough that the right itself be substantial, the effect of the order on that right must also be substantial.

7. **Final Orders.** Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter.
8. **Final Orders: Minors: Appeal and Error.** Orders which temporarily suspend a juvenile's right to stay in the home for a brief period of time and do not purport to determine the juvenile's placement with finality do not affect a substantial right and are therefore not appealable.

Appeal from the Separate Juvenile Court of Lancaster County: Reggie L. Ryder, Judge. Appeal dismissed.

Joe Nigro, Lancaster County Public Defender, and Sarah Safarik for appellant.

Joe Kelly, Lancaster County Attorney, and Margeaux K. Fox for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Zachary B., a juvenile, appeals the order of the separate juvenile court of Lancaster County which ordered that he be removed from his family home and placed in Boys Town. Because the juvenile court's order was not a final order, we dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS

In March 2016, the juvenile court adjudicated Zachary, who was born in April 2000, to be a juvenile as defined by Neb. Rev. Stat. § 43-247(3)(b) (Supp. 2015). Zachary admitted to the State's charge that he had been truant from school between the dates of August 12 and December 15, 2015. In June 2016, Zachary was placed on probation for a period of 15 months, with placement in the family home. The court ordered that Zachary's probation was subject to certain terms and conditions, including, inter alia, that he "[a]ttend school regularly . . . without truancy or suspension . . . ."

In January 2017, the State moved to revoke Zachary's probation. The State alleged that he had violated conditions of his probation by failing to attend school regularly and by failing to cooperate with services arranged by his probation officer. Zachary admitted to the violations at a hearing held February 24. In an order entered after the hearing, the juvenile court found Zachary's admission to be freely, voluntarily, and knowingly made and it found that a factual basis existed for his admission; however, the juvenile court deferred "ruling on whether or not to revoke [Zachary's] probation pending the completion of an updated predisposition report." The court continued the case to April 12.

After the hearing on April 12, 2017, the juvenile court entered an order which stated that "[d]isposition was continued for good cause." The court found that since the time Zachary was placed on probation in June 2016, "numerous services have been provided to the family, including in-home counseling and tracker services," but that "[d]espite those efforts, [Zachary] has not been attending school, despite his family's belief that he has." The court found that Zachary had missed at least 131 of the 152 scheduled days of the current school year and that when he did not go to school, he stayed home. The court also found that the services that had been provided had been "unsuccessful due to lack of cooperation by [Zachary] and/or his family" and that no services had been identified that would "change the dynamics within the home."

The court then found that "[a]ll relevant community-based services have been utilized and exhausted to assist [Zachary] and his family." The court further found that "[m]aintaining [Zachary] in the home is not only contrary to his health, safety, and welfare, but it presents a significant risk of harm . . . with regards to his education and his future" and that if Zachary remained in the home, "he will not attend school and he will never graduate high school." Although the court did not cite the statute, it appears that these findings were prompted by

Neb. Rev. Stat. § 43-251.01 (Reissue 2016), which provides in relevant part:

> All placements and commitments of juveniles for evaluations or as temporary or final dispositions are subject to the following:
>
> . . . .
>
> (7) A juvenile alleged to be a juvenile as described in subdivision (1), (2), (3)(b), or (4) of section 43-247 shall not be placed out of his or her home as a dispositional order of the court unless:
>
> (a) All available community-based resources have been exhausted to assist the juvenile and his or her family; and
>
> (b) Maintaining the juvenile in the home presents a significant risk of harm to the juvenile or community.

In the April 12, 2017, order, in addition to reflecting § 43-251.01(7), the court cited Neb. Rev. Stat. § 43-286 (Reissue 2016) as authorizing the court to "continue the disposition portion of the hearing, from time to time upon such terms and conditions as the court may prescribe, and place the juvenile in a suitable family home or institution." The court determined that Boys Town was a suitable placement for Zachary and that such placement was in his best interests. The court stated that under the authority of § 43-286, it was "ordering that disposition be continued and that Zachary . . . be placed at Boys Town as soon as possible" and that he "follow the rules of Boys Town once placement takes place." The court ordered that the hearing on the motion to revoke probation was continued to June 22.

At the April 12, 2017, hearing, the court orally made the following comments regarding the effect of the order it was entering:

> I'm not entering final disposition today so this is not going to be a dispositional Order in that sense. The law does allow the Court under 43-286 to continue disposition from time to time under whatever terms and

conditions the Court deems to be appropriate based on the evidence, and as part of that, allow the Court to place youth outside of the home. . . . I'm continuing the matter, ordering him to be placed at Boys Town as soon as possible, continuing disposition for 60 days. The family's still going to be involved in his life. The family needs to be part of his life and the goal is for him then to return home. . . . So I'm continuing the matter, ordering Boys Town, ordering Zach to follow the rules at Boys Town and we'll continue the matter for maybe 60 to 90 days and we'll address further disposition at the next hearing.

Zachary appeals the April 12, 2017, order.

## ASSIGNMENTS OF ERROR

Zachary generally claims that the juvenile court erred when it ordered him to be removed from his home, and he specifically claims that there was insufficient evidence for the juvenile court to find under § 43-251.01(7) that all community-based resources had been exhausted and that maintaining him in his home presented a significant risk of harm to him or the community.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d 247 (2017).

## ANALYSIS

[2] In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Id.* The State argues that the order removing Zachary from his home is not a final, appealable order, because it was not a final disposition and instead it was a temporary placement and did not affect a substantial right. In

contrast, Zachary argues that the order is appealable because it affected a substantial right and that if he is not allowed to appeal the order, he will be denied his right to a meaningful review of the order placing him outside his home if such placement is merely continued in a future disposition. We agree with the State.

[3] Neb. Rev. Stat. § 43-2,106.01(1) (Reissue 2016) gives appellate courts jurisdiction to review "[a]ny final order or judgment entered by a juvenile court . . . ." Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *In re Interest of Becka P. et al., supra*. Because neither the first type nor the third type of final orders is applicable in this case, we examine appealability under the second type. A proceeding before a juvenile court is a "special proceeding" for appellate purposes, see *id*., and therefore, in order to determine whether the April 12, 2017, order is a final order, we must determine whether the order affected a substantial right. The determination of appealability in this case, as in other juvenile cases, is a fact-intensive inquiry.

[4] A substantial right is an essential legal right, not a mere technical right. *Id*. We have recognized that the substantial right of a parent in juvenile proceedings is a parent's fundamental, constitutional right to raise his or her child. *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 861 N.W.2d 398 (2015). In this case, however, it is the juvenile himself and not a parent who is appealing the placement order.

We have recognized that as a corollary to a "parent's right to the companionship, care, custody, and management of his or her child," a child has a "reciprocal right to be raised and nurtured by a biological or adoptive parent," and we have

stated that "establishment and continuance of the parent-child relationship is the most fundamental right a child possesses." *In re Guardianship of Benjamin E.*, 289 Neb. 693, 707, 856 N.W.2d 447, 457 (2014) (Stephan, J., concurring) (citing *In re Guardianship of D.J.*, 268 Neb. 239, 682 N.W.2d 238 (2004)). However, the record in this case indicates that Zachary was not being raised and nurtured by a biological or adoptive parent. Instead, Zachary was living with his aunt, and for purposes of our review, we determine that this was his "home" under § 43-251.01(7). For completeness, we note that his legal guardian was his grandmother, with whom he was not residing.

[5] With the legal principles recited above in mind, we must consider whether Zachary has an essential legal right to stay in his home, which right is independent of his right to establishment and continuance of the parent-child relationship. The issue to which Zachary assigns error in this case is the juvenile court's determination under § 43-251.01(7) that all community-based resources had been exhausted and that maintaining him in his home presented a significant risk of harm to him or the community. We note that subsection (7) was added to § 43-251.01 as part of 2015 Neb. Laws, L.B. 482, and that subsection (7) requires that a juvenile "shall not be placed out of his or her home" unless the required findings are made. The Introducer's Statement of Intent with regard to L.B. 482 indicated that the intent of the bill was "to ensure that juveniles charged with status offenses [including truancy] are not treated like criminals" and to "prevent kids charged with . . . truancy from being . . . placed in out of home care unless certain factors are present." Judiciary Committee, 104th Leg., 1st Sess. (Feb. 25, 2015). We determine that Nebraska law as reflected in § 43-251.01(7) recognizes that a juvenile has an essential legal right, and therefore a substantial right, to remain in his or her home.

[6,7] Having determined that a substantial right of Zachary's was at issue in this case, we need to determine whether the

April 12, 2017, order affected that right within the meaning of § 25-1902(2). In analyzing whether a substantial right was affected by a juvenile court order, we have stated that it is not enough that the right itself be substantial, the effect of the order on that right must also be substantial. See *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017). We further stated that whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. *Id.*

In juvenile court cases, we have observed that whether an order affects a substantial right of a parent is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed. See *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d 247 (2017). We stated in such cases that orders which temporarily suspend a parent's custody, visitation, or education rights for a brief period of time do not affect a substantial right and are therefore not appealable. We believe that it is prudent to apply a similar analysis here where the focus is on the juvenile's right to remain in his or her home.

[8] As is evident from the foregoing, the substance of an order placing a juvenile outside his home affects the juvenile's right to stay in the home; however, in determining whether a substantial right has been affected for final order purposes, we must also consider the length of time the juvenile may reasonably be expected to be deprived of that right. Similar to our holding with regard to orders that suspend a parent's rights, we hold that orders which temporarily suspend a juvenile's right to stay in the home for a brief period of time and do not purport to determine the juvenile's placement with finality do not affect a substantial right and are therefore not appealable.

Zachary notes that by virtue of the introductory sentence of § 43-251.01, the requirements of § 43-251.01(7) apply to all placements of juveniles, whether temporary or final

dispositions. Zachary contends that because the requirements must be met in temporary as well as final dispositions of juveniles, even a temporary order has a substantial effect on a juvenile's rights. We do not agree.

We recognize that the requirements of § 43-251.01(7) apply to a temporary as well as a final disposition and that therefore, a juvenile court must make the required findings before it makes a temporary placement. It does not necessarily follow that the temporary order is appealable.

To determine appealability, we must determine whether the April 21, 2017, order which temporarily suspended Zachary's right to stay in his home for a brief period of time affected that right with finality and had a substantial effect on that right. We note in this regard we have recognized that as a general matter, a juvenile court has continuing authority to change the custody or care of a juvenile under its jurisdiction when doing so is in the juvenile's best interests, but that such ability to potentially change a placement at some future point "has no bearing on whether [a specific placement] order is final and appealable." *In re Interest of Karlie D.*, 283 Neb. 581, 587, 811 N.W.2d 214, 221 (2012). We cited this proposition in *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 626, 861 N.W.2d 398, 404 (2015), when we determined that an order was not temporary where the "order gave no indication that the court would revisit this issue prior to the next review hearing scheduled . . . approximately 6 months in the future."

In contrast to *In re Interest of Cassandra B. & Moira B.*, in this case, the court indicated that it intended to revisit Zachary's placement more immediately and continued the disposition for 60 days. In the April 12, 2017, order, the court stated it was continuing disposition of the matter to June 22 and that it was making the placement pursuant to § 43-286, which authorized the court to continue disposition from time to time and place the juvenile in a suitable family home or institution. The language of the order is reinforced by the

court's statements at the hearing, in which the court indicated that it had authority under § 43-286, that it was not entering final disposition, that it was placing Zachary at Boys Town and continuing disposition for 60 days, that it would address further disposition at that next hearing, and that the goal was for Zachary to return to his home.

Thus, in the order and the associated comments at the hearing, the juvenile court in the present case made clear that it intended the April 12, 2017, order to be temporary in nature and that it planned to revisit the issue of an appropriate placement for Zachary at the June 22 hearing. Cf. *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d 247 (2017) (concluding that order was not temporary and therefore was appealable, because neither language of order nor court's remarks on record denoted temporary interruption of parents' rights). The order did not substantially affect Zachary's right to home placement, and it was not a final order under § 25-1902(2).

## CONCLUSION

Because the April 12, 2017, order is not a final order, we do not have jurisdiction of this appeal. Accordingly, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

Wright, J., not participating.