Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/21/2023 08:05 AM CDT

In re Interest of Manuel C. and Mateo S.,
children under 18 years of age.
State of Nebraska, appellee and cross-appellee,
v. Amber S., appellant, and Red Lake Band
of Chippewa Indians, appellee
and cross-appellant.

___ N.W.2d ___

Filed April 21, 2023.    No. S-22-653.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.

3. **Judgments: Statutes: Appeal and Error.** When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.

4. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

5. **Jurisdiction: Appeal and Error.** When an appellate court is without jurisdiction to act, the appeal must be dismissed.

6. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order or judgment entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.

7. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), the four types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered, and (4) an order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.

8. **Juvenile Courts: Appeal and Error.** A proceeding before a juvenile court is a special proceeding for appellate purposes.

9. **Final Orders: Appeal and Error.** As provided by Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), to be final and appealable, an order in a special proceeding must affect a substantial right.

10. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

11. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which the appeal is taken.

12. **Interventions: Final Orders: Appeal and Error.** The denial of a motion to intervene is generally a final and appealable order.

13. **Indian Child Welfare Act: Proof.** A party to a proceeding who seeks to invoke a provision of the Nebraska Indian Child Welfare Act has the burden to show that the act applies in the proceeding.

Appeal from the Separate Juvenile Court of Lancaster County: Shellie D. Sabata, Judge. Affirmed.

Jacinta Dai-Klabunde, of Legal Aid of Nebraska, for appellant.

Patrick F. Condon, Lancaster County Attorney, and Maureen E. Lamski for appellee State of Nebraska.

Joseph Plumer, for appellee Red Lake Band of Chippewa Indians.

Allison Derr, Robert McEwen, and Sarah Helvey for amicus curiae Nebraska Appleseed Center for Law in the Public Interest.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Manuel C. and Mateo S. were previously adjudicated as minors for purposes of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016), dealing with abuse and neglect allegations. A motion to terminate the parental rights of their mother, Amber S., was filed. The Red Lake Tribe of Chippewa Indians filed a motion to intervene, which was granted. The State then filed a motion to reconsider. Following a hearing, the motion to reconsider was granted and intervention denied. Amber appeals, and the tribe cross-appeals, the juvenile court's denial of the tribe's motion to intervene.

The questions presented by this appeal are (1) whether Amber and the tribe appeal from a final order and (2) whether Manuel and Mateo are children for purposes of the Indian Child Welfare Act (ICWA) and the Nebraska Indian Child Welfare Act (NICWA), where their biological mother is eligible for enrollment, but not yet a member of the tribe, and the tribe has indicated that it considers Amber to be a member of the tribe for purposes of ICWA. We affirm the denial of the motion to intervene.

## BACKGROUND

Manuel was born in January 2021, and Mateo was born in September 2019. Amber is the biological mother of Manuel and Mateo. The parental rights of the children's biological father are not at issue in this appeal.

Following Manuel's birth, the State sought to adjudicate Manuel and Mateo as a result of Amber's admitted methamphetamine use, as well as a history of domestic violence between Amber and the children's father. That petition was granted, and the children were removed from Amber's care. Services were attempted, but the State ultimately sought termination in April 2022.

On July 8, 2022, Amber's counsel filed a motion to continue, noting "there is reason to know the children are ICWA children" and "notification for the Indian Child's tribe has not occurred." Thereafter, the court ordered that notice be sent to the tribe, and such notice was served on July 22. The tribe sought intervention on August 16, which was initially granted on August 25.

That same day, the State filed a motion to reconsider the order granting the tribe's motion to intervene. The juvenile court granted the motion to reconsider, and a hearing was held on the motion to intervene on August 26. At that hearing, the State argued that intervention should be denied because Manuel and Mateo were not Indian children for purposes of ICWA. The State conceded that the record produced at the hearing showed that Manuel and Mateo were eligible for membership in the tribe, but argued that there was no evidence presented that Amber, their biological parent, was a member of the tribe. Upon followup, the tribe clarified in an email that "because [Amber] is eligible for enrollment," she was considered "a member for purposes of being accorded the protections of ICWA."

A representative of the tribe testified at this hearing that Amber was "eligible for enrollment for the tribe. When she becomes enrolled, then she is a citizen of this nation. . . . Amber . . . and her children are all eligible for enrollment, yes." The representative further testified that there was no distinction between "enrollment" and "membership." The representative's testimony continued:

Q . . . [I]s it Red Lake as a sovereign nation, are they the ones who get to decide who is considered an Indian child or Indian member?

A Yes.

Q And is it also the tribe who consider — can decide who they consider an Indian member for being accorded the protections of ICWA?

A Yes, it is up to the tribe.

Q And is it your understanding that in [this] case that the tribe has considered them members for purposes of being accorded the protections of ICWA?

A Yes.

Q And so, for ICWA purposes, [Amber] and her children are considered members to be accorded that protection?

A Yes.

. . . .

Q As we sit here today, Amber . . . is not an enrolled member of your, of the Red Lake Nation, correct?

A Correct.

At the hearing on intervention, counsel for the tribe acknowledged that "[Amber] is not an enrolled member, but I believe we need to look behind the curtain in this particular case." Counsel later noted that "this particular case . . . doesn't fit the definition, but . . . clearly it meets the spirit of the law."

In denying the motion to intervene, the juvenile court noted that Amber was "eligible" for enrollment and had begun that process. The court further acknowledged that the tribe and Amber both encouraged a finding that Amber was a member as a function of the "'spirit of the law.'" The juvenile court declined that invitation, noting that its

sworn duty . . . is to apply laws exactly as they are written.

While the children may become Indian Children under the Act at some point in the future, and the tribe wishes to extend ICWA protections to them today, this Court simply cannot embellish or ignore the words of federal and state legislation to make the requested findings.

Accordingly, the juvenile court vacated its order granting the tribe's motion to intervene. Amber appeals, and the tribe cross-appeals.

## ASSIGNMENTS OF ERROR

On appeal and cross-appeal, Amber and the tribe both assign that the juvenile court erred in (1) finding that ICWA and

NICWA did not apply to Amber and her children and (2) vacating its order granting the tribe's motion to intervene.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[1]

[2,3] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.[2] When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.[3]

## ANALYSIS

*Final Order.*

[4,5] This case presents an issue regarding appellate jurisdiction. In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] When an appellate court is without jurisdiction to act, the appeal must be dismissed.[5]

[6,7] For an appellate court to acquire jurisdiction of an appeal, there must be a final order or judgment entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.[6] Under Neb. Rev. Stat. § 25-1902 (Cum.

---

[1] *In re Interest of Jassenia H.*, 291 Neb. 107, 864 N.W.2d 242 (2015).

[2] *In re Interest of Shayla H. et al.*, 289 Neb. 473, 855 N.W.2d 774 (2014).

[3] *In re Adoption of Kenten H.*, 272 Neb. 846, 725 N.W.2d 548 (2007).

[4] *In re Interest of Jassenia H., supra* note 1.

[5] *Id.*

[6] See *Florence Lake Investments v. Berg*, 312 Neb. 183, 978 N.W.2d 308 (2022).

Supp. 2022), the four types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered, and (4) an order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.[7]

[8,9] We have previously indicated that a proceeding before a juvenile court is a special proceeding for appellate purposes.[8] Thus, we focus our analysis upon the second category of final orders set forth in § 25-1902. And as provided by that section, to be final and appealable, an order in a special proceeding must affect a substantial right.[9]

[10,11] We have defined a "substantial right" in various ways. We have stated that a substantial right is an essential legal right, not a mere technical right.[10] We have also explained that a substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which the appeal is taken.[11]

We find relevant *In re Interest of Brittany C. et al.*[12] and *In re Interest of Jassenia H.*[13] In *In re Interest of Brittany C. et al.*, the Nebraska Court of Appeals concluded that

---

[7] See *id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *In re Interest of Brittany C. et al.*, 13 Neb. App. 411, 693 N.W.2d 592 (2005).

[13] *In re Interest of Jassenia H., supra* note 1.

the denial of the biological mother's request to transfer jurisdiction to a tribal court was final and appealable. Specifically, the Court of Appeals noted that the order affected a substantial right because it was

> not merely a step or proceeding within the overall action. If the request were granted, the pending proceedings would stop and these matters would be transferred to another forum. While a tribal court in some respects may resemble a judicial forum based on Anglo-Saxon judicial traditions, it may differ in other respects consistent with the tribal court's Native American traditions. . . .
>
> . . . [And Congress'] findings [with regard to the purposes of ICWA] emphasize Congress' determination that a tribal court may provide the parent and the child with significant advantages inherent in the recognition and implementation of Native American customs and traditions.[14]

But in *In re Interest of Jassenia H.*, we found that a juvenile court's determination that ICWA and NICWA applied was not a final order. We observed that

> all of the heightened protections afforded by ICWA and NICWA apply prospectively to future determinations in the proceedings. In the present case, there is no indication that these protections have had any effect upon the adjudication proceedings. From the record, it does not appear that the juvenile court has entered a preadjudication detention order. . . . And it is clear that [the child] had not yet been adjudicated at the time ICWA and NICWA were found applicable. Further, we see no motion to transfer jurisdiction to a tribal court or any indication that the . . . [t]ribe has sought to intervene.
>
> Until the court takes action to implement or contravene the heightened protections afforded by ICWA

---

[14] *In re Interest of Brittany C. et al., supra* note 12, 13 Neb. App. at 421, 693 N.W.2d at 601-02.

and NICWA in some fashion, we cannot conclude that the mere determination of applicability affects a substantial right. The juvenile court declared only that these laws apply—it did not implement them in any way affecting the child's substantial rights. The court's order was interlocutory and until it applied the law in some adjudicative or dispositive action, functioned merely as an advisory opinion.[15]

We conclude that the order denying intervention is final. ICWA and NICWA provide the tribe has a right, in certain situations, to intervene and participate in proceedings involving Indian children. As we observe in more detail below, NICWA recognizes that "Indian tribes have a continuing and compelling governmental interest in an Indian child."[16]

[12] In reaching this conclusion, we find the appeal before us to be more similar to *In re Interest of Brittany C. et al.* than to *In re Interest of Jassenia H.* In the latter case, the juvenile court made a finding regarding the future applicability of IWCA, but did not otherwise apply it.[17] Conversely, in *In re Interest of Brittany C. et al.*, the juvenile court applied ICWA and denied the request to transfer the action to tribal court, and thus took action based on its conclusion that ICWA applied. Finally, we note that the denial of a motion to intervene is generally a final and appealable order in Nebraska.[18]

We conclude that the denial of the right to intervene under ICWA affects a substantial right. As such, the tribe and Amber appeal from a final order.

---

[15] *In re Interest of Jassenia H., supra* note 1, 291 Neb. at 115-16, 864 N.W.2d at 249.

[16] Neb. Rev. Stat. § 43-1502 (Reissue 2016).

[17] *In re Interest of Jassenia H., supra* note 1.

[18] See, e.g., *In re Interest of Jordon B.*, 312 Neb. 827, 981 N.W.2d 242 (2022); *In re Margaret L. Matthews Revocable Trust*, 312 Neb. 381, 979 N.W.2d 259 (2022); *Streck, Inc. v. Ryan Family*, 297 Neb. 773, 901 N.W.2d 284 (2017).

*Applicability of ICWA.*

We turn to the substantive question presented by this appeal—namely whether the juvenile court erred in finding that Manuel and Mateo were not "Indian Children" under ICWA and NICWA and, accordingly, in denying the tribe's motion to intervene.

The tribe and Amber generally assert it is the tribe alone that makes determinations regarding a child's membership, a child's eligibility for membership, or a parent's membership, and they further argue enrollment in a tribe is not dispositive as to the issue of membership in a tribe. As such, they contend the juvenile court erred when it found that the children were not Indian children despite the tribe's assertion that they were.

Section 43-1502 sets forth that the purpose of NICWA is

to clarify state policies and procedures regarding the implementation by the State of Nebraska of the federal Indian Child Welfare Act. It shall be the policy of the state to cooperate fully with Indian tribes in Nebraska in order to ensure that the intent and provisions of the federal Indian Child Welfare Act are enforced. This cooperation includes recognition by the state that Indian tribes have a continuing and compelling governmental interest in an Indian child whether or not the Indian child is in the physical or legal custody of a parent, an Indian custodian, or an Indian extended family member at the commencement of an Indian child custody proceeding or the Indian child has resided or is domiciled on an Indian reservation. The state is committed to protecting the essential tribal relations and best interests of an Indian child by promoting practices consistent with the federal Indian Child Welfare Act and other applicable law designed to prevent the Indian child's voluntary or involuntary out-of-home placement.

[13] We have previously held that a party to a proceeding who seeks to invoke a provision of NICWA has the burden to show that the act applies in the proceeding.[19]

Neb. Rev. Stat. § 43-1504(3) (Reissue 2016) states that "[i]n any state court proceeding for the . . . termination of parental rights [to] an Indian child, the Indian custodian of the child and the Indian child's tribe or tribes shall have a right to intervene at any point in the proceeding . . . ." "Indian child" is defined to mean "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."[20]

In this case, there is no allegation that Manuel and Mateo are themselves members of the tribe. As such, ICWA and NICWA apply only if the children are eligible for membership in the tribe and if one of their biological parents—in this case, their mother, Amber—is also a member of the tribe. The juvenile court concluded that Amber was not a member, and as such, the children were not "Indian children," and that the tribe's motion to intervene should be denied. We review that determination de novo.

The central dispute here is whether Amber is a member of the tribe when the only evidence in the record was that Amber was eligible for membership, that she had begun the enrollment process, and that the tribe "considered" Amber to be a member for purposes of ICWA. The tribe and Amber assert on appeal that the juvenile court and the State have incorrectly suggested enrollment is dispositive to the question of membership and that the tribe itself is the entity entitled to identify its members.

We agree that a tribe has the sole "jurisdiction and authority" to make a decision as to who might be a member of

---

[19] See, e.g., *In re Adoption of Kenten H., supra* note 3.

[20] Neb. Rev. Stat. § 43-1503(8) (Reissue 2016).

the tribe,[21] but we must still determine whether the tribe has made such a decision with respect to Amber.[22] We also recognize that enrollment is not the only means of establishing someone's membership in a tribe.[23] Although enrollment is not wholly dispositive to membership, we believe it is relevant here, where the tribe's representative testified at the hearing on the motion to intervene that for her purposes, there was no distinction between "enrollment" and "membership," and that Amber would be a "citizen" of the tribe, "[w]hen she becomes enrolled." We note that the juvenile court indicated that Amber was not enrolled—rather than finding that Amber was not a member—when it found that the children were not "Indian children."

But we do not give weight to the juvenile court's finding on appeal. Rather, this court reviews the decision of the juvenile court de novo, and the tribe has the burden to show that ICWA and NICWA are applicable.[24] In that de novo review, we note that the tribe fails to introduce any other evidence showing that Amber was a member of the tribe; rather, the tribe offered only evidence that it "considered" Amber, Manuel, and Mateo to be members for purposes of ICWA.

We hold that evidence that the tribe "considered" Amber a member for purposes of ICWA is insufficient. The plain language of § 43-1503(8) provides as relevant that an "Indian child" must have a biological parent who is a member of a tribe. The evidence adduced in the juvenile court shows that Amber is not currently a member of the tribe; the children, in turn, do not have a biological parent that is a member of the tribe.[25]

---

[21] 25 C.F.R. § 23.108 (2022).

[22] See *In re Adoption of C.D.*, 751 N.W.2d 236 (N.D. 2008).

[23] See, e.g., *United States v. Broncheau*, 597 F.2d 1260 (9th Cir. 1979).

[24] See *In re Adoption of Kenten H., supra* note 3.

[25] See, also, *In re Adoption of C.D., supra* note 22.

While their status may change in the future, Manuel and Mateo are not currently Indian children for purposes of ICWA and NICWA. As such, ICWA and NICWA are inapplicable and the juvenile court did not err in denying the tribe's motion to intervene.

## CONCLUSION

The decision of the juvenile court is affirmed.

Affirmed.