Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
03/18/2016 09:18 AM CDT

IN RE INTEREST OF JACKSON E., A CHILD
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. CHELSY G.
AND JEFF E., APPELLEES, AND ERIN R. AND
PAUL R., INTERVENORS-APPELLANTS.

___ N.W.2d ___

Filed March 18, 2016.    No. S-15-534.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Parent and Child: Standing: Appeal and Error.** Foster parents, as such, do not have standing to appeal from an order changing a child's placement.
4. **Standing: Words and Phrases.** Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy.
5. **Standing: Proof.** Persons claiming standing must show that their claim is premised on their own legal rights and not the rights of another.
6. **Standing: Jurisdiction: Parties.** Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court.
7. **Juvenile Courts: Appeal and Error.** The right of an appeal in a juvenile case in Nebraska is purely statutory.

Appeal from the County Court for Holt County: ALAN L. BRODBECK, Judge. Appeal dismissed.

Frederick T. Bartell, of Fitzgerald, Vetter & Temple, for intervenors-appellants.

Thomas P. Herzog, Special Holt County Attorney, of Herzog Law Office, for appellee State of Nebraska.

Forrest F. Peetz, of Peetz Law, P.C., L.L.O., guardian ad litem.

Heavican, C.J., Wright, Connolly, Cassel, and Stacy, JJ.

Cassel, J.

## INTRODUCTION

Jackson E.'s former foster parents, one of whom is also his maternal grandmother, attempt to appeal from a juvenile court order overruling their motion for new trial or to alter or amend the court's order declining to return Jackson's placement to them. Because we conclude that they do not have standing to appeal, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

### Adjudication, Placement, and Change of Placement

In September 2012, the State filed a juvenile petition alleging that Jackson was an abused or neglected child[1] and requesting temporary custody of Jackson. The county court for Holt County, Nebraska, sitting as a juvenile court, found that Jackson had suffered head injuries in his home and granted the Department of Health and Human Services (Department) temporary custody of Jackson. Jackson's mother and father both entered pleas of no contest to the allegations. They did not give up their parental rights, and the Department has not sought to terminate their rights.

The Department placed Jackson in foster care with his maternal grandmother, Erin R., and her husband, Paul R. Over the next 2½ years, Jackson remained placed with Erin and

---

[1] See Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008).

Paul as a foster child. The Department's permanency objective for Jackson was reunification with both parents.

In March 2015, the Department removed Jackson from his placement with Erin and Paul and placed him with other foster parents. Thereafter, Erin and Paul filed a motion for placement requesting that the court order the Department to place Jackson back with them. They also filed a motion to intervene.

## HEARING

The court held a hearing to review both the Department's permanency objective for Jackson and Erin and Paul's motion for placement and motion to intervene. It granted Erin and Paul's motion to intervene, to which no party objected. After hearing testimony related to Jackson's permanency objective, the court changed the permanency objective from reunification to adoption.

The court then took up Erin and Paul's motion for placement. After 3 days of testimony, it found that the State had met its burden to prove by a preponderance of the evidence that its placement of Jackson with the new foster parents was in his best interests. Accordingly, the court denied Erin and Paul's motion.

Erin and Paul later filed a motion for new trial or to alter or amend the order denying their motion for placement. The parties dispute whether the terminating motion was timely filed. After the county court overruled the terminating motion, Erin and Paul brought this appeal.

## ASSIGNMENTS OF ERROR

Erin and Paul assign that the county court erred in (1) finding that the State had met its burden of proof that its placement plan was in the best interests of Jackson, (2) failing to give adequate preference to relative placement, and (3) failing to sustain their motion for placement.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of

law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[2]

## ANALYSIS

[2] In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[3] Thus, before reaching the merits, we must determine whether we have jurisdiction of this appeal.

Two jurisdictional issues are presented. The first is whether Erin and Paul have standing to appeal. The second is whether Erin and Paul timely filed their notice of appeal. Because we conclude that Erin and Paul do not have standing, we do not reach the second issue. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[4]

[3] The State argues that Erin and Paul lack standing to appeal. It notes that we recently held *In re Interest of Enyce J. & Eternity M*.[5] that foster parents, as such, do not have standing to appeal from an order changing a child's placement. Erin and Paul respond that their case is distinguishable from *In re Interest of Enyce J. & Eternity M.*, because Erin is Jackson's grandmother and because they were granted leave to intervene.

[4-6] Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy.[6] Persons claiming standing must show that their claim is premised on their own legal

---

[2] *In re Interest of Meridian H.*, 281 Neb. 465, 798 N.W.2d 96 (2011).

[3] *Id.*

[4] See *D.I. v. Gibson*, 291 Neb. 554, 867 N.W.2d 284 (2015).

[5] *In re Interest of Enyce J. & Eternity M.*, 291 Neb. 965, 870 N.W.2d 413 (2015).

[6] *Id.*

rights and not the rights of another.[7] Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court.[8]

As foster parents, Erin and Paul do not have standing to appeal the change in Jackson's placement. As we said in *In re Interest of Enyce J. & Eternity M.*, their status as foster parents gives them a role in the proceeding, but it does not confer on them a right, title, or interest in the subject matter of the controversy that gives them standing to appeal.

Neither their status as intervenors nor Erin's status as Jackson's grandmother changes this result. Although grandparents have a right to intervene in dependency proceedings involving their minor grandchildren prior to final disposition,[9] this right "does not confer any special entitlements or priorities upon them with respect to temporary custody, placement, or any other issue before the juvenile court."[10] Rather, "[e]xercising their right of intervention simply enables those grandparents wanting to keep abreast of dependency proceedings to receive notice and have an opportunity to be heard with respect to actions taken by a juvenile court which could significantly affect their relationship with their grandchildren."[11] Erin and Paul's intervention allowed them to keep abreast of the proceedings and be heard by the county court, but it did not confer standing to appeal.

[7] The right of appeal in a juvenile case in this state is purely statutory,[12] and neither foster parents nor grandparents, as such, have a statutory right to appeal from a juvenile court

---

[7] *Id.*

[8] *State ex rel. Reed v. State*, 278 Neb. 564, 773 N.W.2d 349 (2009).

[9] See *In re Interest of Kayle C. & Kylee C.*, 253 Neb. 685, 574 N.W.2d 473 (1998).

[10] *Id.* at 693, 574 N.W.2d 478.

[11] *Id.*

[12] See, Neb. Rev. Stat. § 43-2,106.01 (Cum. Supp. 2014); *Huskey v. Huskey*, 289 Neb. 439, 855 N.W.2d 377 (2014).

order. The statute that confers a right to appeal provides, in relevant part, that an appeal from a final order or judgment entered by a juvenile court may be taken by the "juvenile's parent, custodian, or guardian."[13] It goes on to define custodian or guardian, providing that "[f]or purposes of this subdivision, custodian or guardian shall include, but not be limited to, the Department . . . , an association, or an individual to whose care the juvenile has been awarded pursuant to the Nebraska Juvenile Code."[14]

Erin and Paul are not and were not Jackson's custodians or guardians for the purposes of the statute. We have interpreted the term "custodian" in the context of standing to appeal under the Nebraska Juvenile Code on two occasions. On the first occasion, in *In re Interest of S.R.*,[15] the statute then in effect lacked the current provision defining "custodian or guardian." We held that "custodian" meant "legal custodian, that is, the person or entity given custody of a child by appropriate court order."[16] We said that "[m]ere 'placement with' a person, or 'possession of' a child, does not constitute the persons given such placement or possession as custodians."[17] And we therefore concluded that a child's foster parents did not have standing to appeal, because they did not constitute custodians for purposes of the statute.

On the second occasion, in *In re Interest of Artharena D.*,[18] we noted that the relevant statutory language was amended to include the provision defining "custodian or guardian," and we concluded that the amendment expanded our definition

---

[13] § 43-2,106.01(c).

[14] *Id.*

[15] *In re Interest of S.R.*, 217 Neb. 528, 352 N.W.2d 141 (1984), *disapproved on other grounds, In re Interest of Kayle C. & Kylee C., supra* note 9.

[16] *In re Interest of S.R., supra* note 15, 217 Neb. at 535, 352 N.W.2d at 145.

[17] *Id.*

[18] *In re Interest of Artharena D.*, 253 Neb. 613, 617, 571 N.W.2d 608, 611 (1997).

of "custodian." We stated that through the amendment, "the Legislature expressed an intention to expand the definition of 'custodian' beyond the restrictive meaning we gave it in *In re Interest of S.R.* and to extend the right of appeal to individuals having the care of a juvenile by means other than an award under the Juvenile Code."[19] We therefore concluded that a person empowered by parental authority to act as the custodian for a child has a right to appeal under the statute.

The statutory amendment and our recognition of the expanded definition of "custodian" in *In re Interest of Artharena D.* do not change the outcome in this case. The amendment and our subsequent interpretation make clear that the Legislature intended the amendment to ensure that those with alternative custody arrangements, bestowed outside the courts, have standing to appeal. The amendment does not affect the validity of our holding in *In re Interest of S.R.* that foster parents are not custodians for the purposes of the statute. Foster care is generally a short-term placement: It is a temporary measure for maintaining the child until the court can make a permanent disposition.[20] Erin and Paul were only Jackson's foster parents and were never awarded custody of Jackson. Therefore, they are not custodians or guardians for the purposes of the appeals statute, and they have no right to take an appeal in these circumstances.

## CONCLUSION

Without a right to appeal, Erin and Paul have no standing, and this court has no jurisdiction over their purported appeal. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

MILLER-LERMAN, J., participating on briefs.

---

[19] *Id.* at 618, 571 N.W.2d at 612.

[20] *In re Interest of Enyce J. & Eternity M., supra* note 5.