Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/27/2018 09:10 AM CDT

In re Interest of Joseph C., a child
under 18 years of age.
State of Nebraska, appellee,
v. Tina E., appellant.

___ N.W.2d ___

Filed May 4, 2018.    No. S-17-961.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
3. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **Standing: Words and Phrases.** Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy.
5. **Standing.** Under the doctrine of standing, a court may decline to determine merits of a legal claim because the party advancing it is not properly situated to be entitled to its judicial determination.
6. **Standing: Jurisdiction: Parties.** Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court.
7. **Juvenile Courts: Standing: Appeal and Error.** In assessing standing, the right of appeal in a juvenile case in Nebraska is purely statutory.
8. **Statutes: Legislature: Intent.** A court gives statutory language its plain and ordinary meaning and will not look beyond the statute to determine the legislative intent when the words are plain, direct, and unambiguous.

Appeal from the County Court for Lincoln County: KENT D. TURNBULL, Judge. Appeal dismissed.

James R. Korth and Brock J. Pohlmeier, of Reynolds, Korth & Samuelson, P.C., L.L.O., for appellant.

Rebecca Harling, Lincoln County Attorney, for appellee.

Michael L. Nozicka, of Nozicka Law Office, guardian ad litem.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ., and DERR and URBOM, District Judges.

DERR, District Judge.

## INTRODUCTION

This appeal arises from termination proceedings for Joseph C. in the county court for Lincoln County, sitting as a juvenile court. Tina E., the biological aunt and adoptive sister of Joseph's father, appeals the juvenile court's order which held that Joseph's placement with his nonrelative foster parents and permanency through adoption by them was in his best interests. Because Tina lacks standing pursuant to Neb. Rev. Stat. § 43-2,106.01(2) (Reissue 2016), her appeal is dismissed.

## BACKGROUND

Joseph, born in May 2009, is the biological child of Dana C. and Michael E. On June 10, 2015, the State, represented by the county attorney, filed a petition alleging that Joseph, then age 6, was a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2014). Following an adjudication hearing on September 1, the juvenile court determined Joseph to be a child as defined by § 43-247(3)(a) (Supp. 2015). The State later initiated proceedings to terminate Dana's and Michael's parental rights.

After being removed from the care and custody of his parents, Joseph had two different family placements. Joseph

was initially placed with his maternal grandparents, but that placement was disrupted when the grandparents' home study was denied. Subsequently, Joseph was placed in Colorado with his maternal aunt and uncle. He remained there from August 28, 2015, to June 18, 2016. However, Joseph exhibited behavioral issues at home and at school, and he was removed at the request of the maternal aunt and uncle, who could not handle Joseph's needs.

On June 18, 2016, Joseph was placed in the agency-based foster home of Heather F. and Kevin F. in Nebraska. Ten days later, on June 28, the juvenile court filed its order terminating the parental rights of Joseph's biological parents pursuant to Neb. Rev. Stat. § 43-292(1), (2), and (6) (Reissue 2016) and in accordance with Joseph's best interests.

On June 30, 2016, 2 days after the termination of parental rights, Tina was located through a "Family Finding" contract with the Nebraska Department of Health and Human Services (the Department). Tina, who lives in Wyoming with her husband, Rodney E., is the biological aunt of Joseph's father, Michael. Tina's parents adopted Michael; therefore, in addition to being Michael's biological aunt, Tina is Michael's adoptive sister.

Tina was unaware of Joseph's existence until July 2016, not long after Dana's and Michael's parental rights were terminated. Tina immediately made efforts through the Department to be involved in Joseph's life.

In December 2016, the Department completed a home study for Tina and Rodney, and they were approved for placement in January 2017. Upon the recommendation of Joseph's therapist, Joseph was slowly introduced to the concept of Tina and Rodney through their letters and pictures. Tina was allowed to meet Joseph in person for the first time on February 7, 2017, 7 months after she learned of his existence.

Following a status hearing on February 7, 2017, the juvenile court adopted the Department's recommendation that Joseph remain in his current placement with Heather and

Kevin and that the matter be continued to allow the integration of Tina and Rodney into his life with the goal of placing him with them. Tina and Rodney continued to have periodic visitation with Joseph.

On May 2, 2017, the juvenile court conducted a review hearing. It adopted the case plan and court report recommending eventual placement with Tina and Rodney, modified to include the recommendations of Joseph's therapist as to the process of working toward placement with them.

On June 21, 2017, the juvenile court held a placement hearing. The Department sought a change in Joseph's placement based on a material change in circumstances, i.e., the discovery of Tina, a family member willing and qualified to adopt Joseph. The State and Joseph's guardian ad litem opposed placement with Tina. Tina attended the hearing without counsel and made no motion to intervene. Following the hearing, the juvenile court took the matter of placement under advisement.

On August 4, 2017, the juvenile court filed an order finding that, even assuming the Department had proved a material change in circumstances, the "current placement is in Joseph's best interest and that permanency through adoption with his foster parents [is] in Joseph's best interest." In so finding, the juvenile court noted that it was not concerned about any fault or infirmity of relative placement and that Joseph's time in foster care was not a reason, in and of itself, to deny placement with Tina. However, the juvenile court observed that "allowing a change of placement is the real and present danger to Joseph's long term mental stability due to his current mental health fragility as a result of multiple changes in placements relative to his Post Traumatic Stress Disorder." The juvenile court determined that any further delay in permanency would destabilize Joseph's mental health. The juvenile court set the matter for review on October 3 and ordered the Department to prepare a case plan consistent with the order.

Tina timely filed her notice of appeal.

## ASSIGNMENTS OF ERROR

Tina assigns that the juvenile court erred in (1) changing the permanency objective from "reunification" with her to adoption by Heather and Kevin and (2) failing to change Joseph's placement from Heather and Kevin to Tina.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.[1]

[2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2]

## ANALYSIS

[3] On appeal, Tina challenges the order of the juvenile court that found it was in Joseph's best interests to continue placement with Heather and Kevin and to change the permanency plan from adoption by Tina and Rodney to adoption by Heather and Kevin. In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[3] The State and the guardian ad litem argue that Tina lacks standing to appeal the juvenile court's order. This court agrees.

[4-6] Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy.[4] Under the doctrine of standing, a court may decline to determine merits of a legal claim because the party advancing it is not properly situated to be

---

[1] *In re Interest of Enyce J. & Eternity M.*, 291 Neb. 965, 870 N.W.2d 413 (2015).

[2] *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d 247 (2017).

[3] *In re Interest of Zachary B.*, 299 Neb. 187, 907 N.W.2d 311 (2018).

[4] *In re Interest of Jackson E.*, 293 Neb. 84, 875 N.W.2d 863 (2016).

entitled to its judicial determination.[5] Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court.[6]

[7] In assessing standing, this court has stated that the right of appeal in a juvenile case in Nebraska is purely statutory.[7] This court's recent cases have made clear that § 43-2,106.01, the juvenile code's appeal statute, controls who has the right to appeal from a juvenile court's placement order.[8] Under § 43-2,106.01(2), an appeal from a final order entered by a juvenile court may be taken by

> (a) The juvenile;
>
> (b) The guardian ad litem;
>
> (c) The juvenile's parent, custodian, or guardian. For purposes of this subdivision, custodian or guardian shall include, but not be limited to, the Department . . . , an association, or an individual to whose care the juvenile has been awarded pursuant to the Nebraska Juvenile Code; or
>
> (d) The county attorney or petitioner . . . .

Tina is not expressly included in any of these categories.

This court has previously addressed whether relatives not listed in § 43-2,106.01(2) have standing to appeal a juvenile court order.[9] In *In re Interest of Nettie F.*,[10] this court concluded that § 43-2,106.01 controlled the matter but did not authorize an adjudicated child's sibling to appeal from a juvenile court's adverse placement order. In *In re Interest of Jackson E.*,[11]

---

[5] *In re Interest of Meridian H.*, 281 Neb. 465, 798 N.W.2d 96 (2011).

[6] *In re Interest of Jackson E., supra* note 4.

[7] See *id.*

[8] *In re Interest of Nettie F.*, 295 Neb. 117, 887 N.W.2d 45 (2016); *In re Interest of Jackson E., supra* note 4.

[9] See, *In re Interest of Nettie F., supra* note 8; *In re Interest of Jackson E., supra* note 4; *In re Interest of Meridian H., supra* note 5.

[10] *In re Interest of Nettie F., supra* note 8.

[11] *In re Interest of Jackson E., supra* note 4.

this court observed that the right to appeal in a juvenile case is purely statutory and that neither foster parents nor grandparents, as such, have a statutory right to appeal from a juvenile court order pursuant to § 43-2,106.01(2). Further, this court determined that because the appealing parties, as former foster parents, were never awarded custody of the child, they were not custodians or guardians for the purposes of § 43-2,106.01(2) and did not have standing to appeal on that basis.

Here, Tina cannot claim a right to appeal under § 43-2,106.01(2) as Joseph's "custodian," because she has never had custody of him. Nor can she appeal based on her status as the biological aunt and adoptive sister of Joseph's father, Michael. Tina's familial link to Joseph is more remote than the relationships this court found insufficient to provide standing in *In re Interest of Nettie F.* and *In re Interest of Jackson E.* This is especially true considering that Michael's parental rights to Joseph have been terminated.[12] Yet, even if Michael's parental rights to Joseph had remained intact, § 43-2,106.01(2) would not support regarding Tina as one who may appeal a juvenile court order. Accordingly, Tina has no standing to invoke the jurisdiction of this court.

Tina argues that the Legislature did not intend § 43-2,106.01(2) to exclusively govern standing to appeal juvenile matters. She relies on that section's provision that "custodian or guardian shall include, *but not be limited to*, the Department . . . , an association, or an individual to whose care the juvenile has been awarded pursuant to the Nebraska Juvenile Code."[13] This court has already considered the Legislature's

---

[12] *In re Interest of Meridian H., supra* note 5 (holding, in context of appeal from juvenile placement order, that grandparents lacked standing, because any interest or right that they may have had via their biological relationship to adjudicated child ceased to exist when parental rights of grandparents' child, that is, adjudicated child's parent, were terminated).

[13] § 43-2,106.01(2)(c) (emphasis supplied).

purpose in defining "custodian or guardian." In *In re Interest of Artharena D.*,[14] this court held that through the language defining "custodian or guardian," the Legislature "expressed an intention to expand the definition of 'custodian' . . . to extend the right of appeal to individuals having the care of a juvenile by means other than an award under the Juvenile Code." Thus, by defining "custodian or guardian," "the Legislature intended . . . to ensure that those with alternative custody arrangements, bestowed outside the courts, have standing to appeal."[15] As noted above, this court's recent cases clarify that § 43-2,106.01 alone controls who may appeal from a juvenile court's placement order,[16] and the language defining "custodian or guardian" in § 43-2,106.01(2) does not establish an extrastatutory path to standing in juvenile appeals, as Tina suggests.

[8] Further, Tina contends that under the facts of this case, a narrow construction of § 43-2,106.01(2) that denies her and similarly situated individuals the right to appeal, while allowing only the county attorney and guardian ad litem to appeal, does not ensure the advancement of the child's best interests in all cases and could not represent the Legislature's intent. A court gives statutory language its plain and ordinary meaning and will not look beyond the statute to determine the legislative intent when the words are plain, direct, and unambiguous.[17] The plain language of § 43-2,106.01(2), supplemented by this court's interpretation of "custodian," clearly limits the right to appeal juvenile orders to a select few, and as explained above, such language does not encompass Tina, regardless of her good intentions.

---

[14] *In re Interest of Artharena D.*, 253 Neb. 613, 618, 571 N.W.2d 608, 612 (1997).

[15] *In re Interest of Jackson E., supra* note 4, 293 Neb. at 90, 875 N.W.2d at 868.

[16] *In re Interest of Nettie F., supra* note 8.

[17] *In re Interest of Nizigiyimana R.*, 295 Neb. 324, 889 N.W.2d 362 (2016).

Finally, Tina points out that Neb. Rev. Stat. § 43-533(4) (Reissue 2016) provides, "[W]hen a child cannot remain with parents, [it shall be the policy of the State] to give preference to relatives as a placement resource." She asserts that she has a personal stake in the outcome of Joseph's case as a consequence of this preference, coupled with the affirmative steps she and Rodney have taken toward eventual adoption. Tina's argument hearkens back to *In re Interest of Meridian H.*,[18] where this court noted that the adjudicated child's siblings were not in the categories listed in § 43-2,106.01; but, "[a]ssuming without deciding that a person who is not statutorily authorized to appeal from such an order could nevertheless do so," this court went on to consider whether the siblings had "a personal stake in the controversy in order to have standing necessary to invoke appellate jurisdiction." However, as stated above, this court's more recent opinions have clarified that § 43-2,106.01 exclusively controls who has the right to appeal from a juvenile court's placement order.[19] The preference for relative placement remains a guiding principle for those involved in permanency planning for adjudicated children,[20] and the efforts that Tina and Rodney have made on Joseph's behalf are indeed commendable. But these factors offer no basis to alter this court's conclusion that Tina is not entitled to the statutory right to appeal delineated in § 43-2,106.01(2).

## CONCLUSION

For the foregoing reasons, Tina lacks standing, and her appeal is dismissed.

APPEAL DISMISSED.

---

[18] *In re Interest of Meridian H., supra* note 5, 281 Neb. at 476, 798 N.W.2d at 105.

[19] See, *In re Interest of Nettie F., supra* note 8; *In re Interest of Jackson E., supra* note 4.

[20] See § 43-533.