Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/11/2020 08:07 AM CDT

- 711 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
IN RE INTEREST OF TANNER H. & TA'NNYA H.
Cite as 28 Neb. App. 711

In re Interest of Tanner H. and Ta'Nnya H.,
children under 18 years of age.
State of Nebraska, appellee,
v. Shearetta S., appellant.

___ N.W.2d ___

Filed August 4, 2020.    No. A-19-1177.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is a question of law. When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court.
3. **Standing: Words and Phrases.** Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy.
4. **Standing: Parties.** The purpose of the standing inquiry is to determine whether a person has a legally protectable interest or right in the controversy that would benefit by the relief to be granted.
5. **Standing: Proof.** Persons claiming standing must show that their claim is premised on their own legal rights and not the rights of another.
6. **Standing: Jurisdiction: Parties.** Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court.
7. **Parental Rights: Interventions.** Grandparents have a direct legal interest in juvenile dependency proceedings involving their biological or adopted grandchildren that entitles them to intervene as a matter of right in such proceedings, prior to final disposition.
8. **Parental Rights.** The rights of grandparents are altered once their own child terminates his or her parental rights to the grandchildren.

- 712 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
IN RE INTEREST OF TANNER H. & TA'NNYA H.
Cite as 28 Neb. App. 711

9. **Parent and Child.** A foster parent may have a role in a juvenile proceeding, but it does not confer on him or her a right, title, or interest in the subject matter of the controversy.

10. **Juvenile Courts: Parental Rights: Appeal and Error.** The right to appeal in a juvenile case is purely statutory, and neither foster parents nor grandparents, as such, have a statutory right to appeal from a juvenile court order pursuant to Neb. Rev. Stat. § 43-2,106.01(2) (Reissue 2016).

Appeal from the Separate Juvenile Court of Douglas County: Chad M. Brown, Judge. Appeal dismissed.

Anne E. Troia, P.C., L.L.O., for appellant.

No appearance for appellee.

Pirtle, Bishop, and Welch, Judges.

Pirtle, Judge.

## INTRODUCTION

This is an appeal from an order issued by the separate juvenile court of Douglas County, Nebraska, revoking the biological maternal grandmother's intervenor status. Because she lacked standing to appeal from this order, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Shearetta S. is the biological maternal grandmother of the children in this case. Shearetta was allowed to intervene on that basis and, for a time, was the foster placement for her grandchildren. On November 14, 2019, an adoption review hearing was held and Shearetta appeared with her lawyer. At the start of the hearing, the lawyer for Nebraska's Foster Care Review Office made an oral motion to revoke Shearetta's intervenor status because Shearetta's parental rights to the mother of the children had been terminated in 2004 and because the mother of these children had also relinquished her parental rights. It was the Foster Care Review Office's position that Shearetta's status had been reduced to a "foster

- 713 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
IN RE INTEREST OF TANNER H. & TA'NNYA H.
Cite as 28 Neb. App. 711

parent" and that foster parents do not have the right to intervene in any case.

While acknowledging Shearetta's parental rights had in fact been terminated in 2004, Shearetta's lawyer reminded the court that neither the State nor the guardian ad litem had objected to granting Shearetta's intervenor status as the maternal grandmother. But Shearetta's lawyer agreed that as soon as "the parental relationships [were] terminated," Shearetta "los[t] her standing as a grandparent."

The court granted the oral motion to revoke Shearetta's intervenor status because "standing of your client is always an issue that rises to the top" and because the motion to revoke had been made, so the court needed to address it in the moment. The county attorney suggested the motion be set for an evidentiary hearing, because no notice of the motion had been given. Shearetta took that position as well. The court acknowledged there was no notice given to Shearetta, but the court said it would take judicial notice of its file, indicating the biological mother had in fact relinquished her parental rights, so setting a hearing would not change the facts. Shearetta appeals from the order revoking her intervenor status, because she was not given any notice that her intervention in the case was at risk.

## ASSIGNMENT OF ERROR

Shearetta assigns as error the juvenile court's order that her intervenor status could be revoked without proper notice to her and her lawyer.

## STANDARD OF REVIEW

[1,2] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Enyce J. & Eternity M.*, 291 Neb. 965, 870 N.W.2d 413 (2015). A jurisdictional question that does not involve a factual dispute is a question of law. When reviewing questions of law, an appellate

- 714 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF TANNER H. & TA'NNYA H.
Cite as 28 Neb. App. 711

court resolves the questions independently of the conclusions reached by the trial court. *Id.*

## ANALYSIS

[3-6] Standing involves a real interest in the cause of action, meaning some legal or equitable right, title, or interest in the subject matter of the controversy. *In re Interest of Jackson E.*, 293 Neb. 84, 875 N.W.2d 863 (2016). The purpose of the standing inquiry is to determine whether a person has a legally protectable interest or right in the controversy that would benefit by the relief to be granted. *In re Interest of Enyce J. & Eternity M., supra*. Persons claiming standing must show that their claim is premised on their own legal rights and not the rights of another. *In re Interest of Jackson E., supra.* Standing is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court. *Id.*

In her brief's "Statement of Jurisdiction," Shearetta cites us to Neb. Rev. Stat. § 43-2,106.01 (Reissue 2016), as the basis for our jurisdiction for this appeal, which states: "(2) An appeal [of any final order or judgment entered by a juvenile court] may be taken by: (a) The juvenile; (b) The guardian ad litem; (c) The juvenile's parent, custodian, or guardian." However, Shearetta is, at best, only a foster parent.

[7,8] Grandparents have a direct legal interest in juvenile dependency proceedings involving their biological or adopted grandchildren that entitles them to intervene as a matter of right in such proceedings, prior to final disposition. See *In re Interest of Kayle C. & Kylee C.*, 253 Neb. 685, 574 N.W.2d 473 (1998). However, the rights of grandparents are altered once their own child terminates his or her parental rights to the grandchildren. See *id.* Because Shearetta's daughter relinquished her parental rights to Shearetta's grandchildren, Shearetta no longer had a legal interest, or standing, in the juvenile court proceedings as a grandparent.

[9,10] As a foster parent, Shearetta's right to participate in the juvenile court proceeding is limited. A foster parent is

- 715 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
IN RE INTEREST OF TANNER H. & TA'NNYA H.
Cite as 28 Neb. App. 711

entitled to notice of hearings, but notice "shall not be construed to require that such foster parent . . . is a necessary party to the review or hearing." Neb. Rev. Stat. § 43-1314(2) (Reissue 2016). A foster parent may have a role in a juvenile proceeding, but it does not confer on him or her a right, title, or interest in the subject matter of the controversy. See *In re Interest of Enyce J. & Eternity M., supra.* Since Shearetta no longer had standing to intervene as a necessary party, she has no right to appeal from the juvenile court's decision revoking her intervenor status. See, also, *In re Interest of Jackson E., supra* (right to appeal in juvenile case is purely statutory, and neither foster parents nor grandparents, as such, have statutory right to appeal from juvenile court order pursuant to § 43-2,106.01(2)). Accordingly, we dismiss Shearetta's appeal for lack of jurisdiction, because she had no standing to appeal.

## CONCLUSION

Because Shearetta had no standing to appeal, the appeal is dismissed for lack of jurisdiction.

Appeal dismissed.